FILED
2013 Sep-04  AM 11:18
U.S. DISTRICT COURT
N.D. OF ALABAMA



# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| DR. ALEXANDER MCELROY, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Civil Action No. CV-11-S-3680-NE |
| | ) | |
| LAWRENCE COUNTY BOARD | ) | |
| OF EDUCATION, | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Alexander McElroy, asserts a claim for race discrimination pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), against his employer, the Lawrence County, Alabama, Board of Education.[1]  The case currently is before the court on defendant's motion for summary judgment,[2] and defendant's motion to strike certain portions of plaintiff's summary judgment response brief.[3]  Upon consideration of those motions, the briefs, and the evidentiary submissions, the court concludes that the motion for summary judgment should be denied, and the motion to strike should be denied as moot.

## I. STANDARD OF REVIEW

---

[1] *See* doc. no. 1 (Complaint).

[2] Doc. no. 38.

[3] Doc. no. 44.

Federal Rule of Civil Procedure 56 provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In other words, summary judgment is proper "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "In making this determination, the court must review all evidence and make all reasonable inferences in favor of the party opposing summary judgment." *Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000) (*en banc*) (quoting *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995)). Inferences in favor of the non-moving party are not unqualified, however. "[A]n inference is not reasonable if it is only a guess or a possibility, for such an inference is not based on the evidence, but is pure conjecture and speculation." *Daniels v. Twin Oaks Nursing Home*, 692 F.2d 1321, 1324 (11th Cir. 1983) (alteration supplied). Moreover,

> [t]he mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is *material* to an issue affecting the outcome of the case. The relevant rules of substantive law dictate the materiality of a disputed fact. A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor.

*Chapman*, 229 F.3d at 1023 (quoting *Haves*, 52 F.3d at 921) (emphasis and alteration

supplied).  *See also Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 251-52 (1986) (asking "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law").

## II. DISCUSSION

Plaintiff contends that he did not receive the position of Principal at East Lawrence High School in June of 2010 as a result of race discrimination.  Plaintiff does not claim to have direct evidence of a race-based discriminatory animus. Therefore, he must prove his claim with circumstantial evidence, navigating the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), and *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248 (1981).  Under this analysis, a plaintiff must first establish a *prima facie* case of disparate treatment, which creates a presumption of discrimination.  To rebut the presumption, the employer then must articulate a legitimate, nondiscriminatory reason for the disputed employment action.  If the employer does so, the presumption of discrimination drops from the case, and the burden shifts back to the plaintiff to show that the defendant's proffered reason is merely a pretext for unlawful discrimination. *See McDonnell Douglas*, 411 U.S. at 802-05; *Burdine*, 450 U.S. at 252-56.

Defendant has not disputed, for summary judgment purposes, that plaintiff can

establish a *prima facie* case of race-based discrimination.[4]  Even so, defendant has

rebutted the presumption of discrimination that was created by the *prima facie* case

by stating a legitimate, non-discriminatory reason for choosing Jacki Hall, a white

female, over plaintiff, who is African-American.  Specifically, defendant states that

"Hall was chosen for this position because of her superior performance in her oral and

written interviews and because of her qualifications."[5]  Thus, the only issue remaining

for summary judgment is whether defendant's proffered legitimate, non-

discriminatory reason actually is a pretext for unlawful discrimination.

Plaintiff's burden at the pretext stage is that of "cast[ing] sufficient doubt on the

defendant's proffered nondiscriminatory reasons to permit a reasonable factfinder to

conclude that the employer's proffered 'legitimate reasons were not what actually

motivated its conduct' . . . ."  *Combs v. Plantation Patterns*, 106 F.3d 1519, 1538

(11th Cir. 1997) (quoting *Cooper-Houston v. Southern Railway Co.*, 37 F.3d 603, 605

(11th Cir. 1994)) (alteration supplied); *see also Reeves v. Sanderson Plumbing

Products, Inc.*, 530 U.S. 133, 135 (2000) ("[A] plaintiff's *prima facie* case, combined

with sufficient evidence to find that the employer's asserted justification is false, may

permit the trier of fact to conclude that the employer unlawfully discriminated.")

---

[4] *See* doc. no. 40 (defendant's summary judgment brief), at 20 n.3 ("The Board assumes for purposes of this Motion only that McElroy can establish a prima facie case.").

[5] *Id.* at 20.

-4-

(alteration supplied).   Plaintiff shoulders that burden by demonstrating "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could find them unworthy of credence." *Combs*, 106 F.3d at 1538 (quoting *Sheridan v. E.I. DuPont de Nemours & Co.*, 100 F.3d 1061, 1072 (3d Cir. 1996) (*en banc*)) (internal quotation marks omitted).   The court concludes that there are genuine issues of material fact precluding the entry of summary judgment on the issue of pretext in this case.

One of plaintiff's pretext arguments is that defendant's proffered reason for selecting Hall for the Principal position is false.   According to plaintiff, the Board could not have selected Hall based on her superior interview performance because the decision to select Hall actually was made *prior to* the interviews.   Interviews for the Principal position were conducted on June 7, 2010, the same day the Board held the meeting at which it approved Hall's selection for the position.[6]   Plaintiff has presented the testimony of two Board members, Wendell Logan and Gary Bradford, that Hall's name was listed as the chosen candidate on a preliminary agenda for the June 7 meeting that was circulated *two days before the meeting*.

Board member Wendall Logan testified as follows:

_____

[6] *See* defendant's evidentiary submission, Exhibit B (Deposition of Heath Grimes), at 166.

Q.  Prior to the meeting on June 7th, did you know Mrs. Hall was up for the position of Principal at East Lawrence High School?

A.  No.

Q.  So, the first you learned about it was when you showed up for [the] meeting?

A.  No, sir, the tentative agenda, which we normally get 48 hours prior to the scheduled meeting.

Q.  And do you recall seeing a tentative agenda with Mrs. Hall on there?

A.  Yes.

Q.  And you think that would have been 48 hours prior to the Board meeting?

A.  Yes, I do.[7]

Gary Wayne Bradford's testimony was slightly more equivocal, but he also indicated that he may have seen Hall's name on a preliminary agenda:

Q.  Prior to this Board meeting when Mrs. Hall was hired, did you know that she was up for a principalship in the school system?

A.  I don't recall that, no.

Q.  Did you come to the meeting knowing that y'all would be voting on a principal for East Lawrence High School?

A.  Yes.

---

[7] Defendant's evidentiary submission, Exhibit J (Deposition of Wendell Logan), at 24-25 (alteration supplied).

Q.  And did you know anything about the candidates?

A.  Other than the tentative agenda, no.

Q.  What do you recall about the tentative agenda?

A.  I don't really recall anything about it in particular.  I'm sure that it was — that her name was on the tentative agenda to be hired.  But other than that, I don't recall any particular item on the agenda.

Q.  How far before the Board meeting would you have gotten the tentative agenda?

A.  48 hours.

Q.  And do you recall seeing Mrs. Hall's name on the tentative agenda?

A.  I'm sure it was on there.  I don't recall seeing it, but I'm sure that it was on there.

Q.  So, you think 48 hours prior to the meeting on June 7th, 2010, you received a tentative agenda with Mrs. Hall's name on there?

A.  Yes.

Q.  For the position of Principal at East Lawrence?

A.  Correct.[8]

There also is conflicting evidence with regard to when Ms. Hall signed her employment contract with the Board for the Principal position.  Ms. Hall testified that she did not sign the contract on June 7, the date on which the Board meeting was held.

---

[8] Defendant's evidentiary submission, Exhibit H (Deposition of Gary Wayne Bradford), at 28-30.

Instead, she states that she signed the contract "at some point afterwards."[9]  Heath Grimes, the Superintendent, also testified that he and Hall signed the contract not on June 7, but sometime "within the next one or two weeks."[10]  Despite that testimony, the contract itself bears the signature of both Hall and Grimes *dated June 7, 2010.*[11] Hall did not attend the June 7 Board meeting, which commenced at 7:00 p.m.[12]

A reasonable jury could rely on the above evidence to find pretext.  If Hall had already been selected for the Principal position two days before the June 7 interviews, as the preliminary agendas indicate, then it is logically impossible for her selection to have been based upon her interview performance.  Additionally, if Hall and Grimes signed the employment contract on June 7, but Hall did not attend the June 7 Board meeting, then a reasonable jury could conclude that Hall was offered the position and signed the contract *before* the Board met to approve her hire.  If Hall was pre-selected to receive the position, then her selection was not based upon the strength of her interview, as defendant suggests it was.

### III. CONCLUSION AND ORDER

In summary, the court concludes there are genuine issues of material fact that

---

[9] Defendant's evidentiary submission, Exhibit E (Deposition of Jacqueline Hutchins Hall), at 108-110.

[10] Grimes Deposition, at 196-97.

[11] Hall Deposition, Exhibit 30 (Probationary Principal Contract), at document bearing Bates Stamp No. LCBOE/McElroy 0601.

[12] Hall Deposition, at 86.

preclude the entry of summary judgment on plaintiff's race discrimination claim.

Accordingly, defendant's motion for summary judgment is DENIED.  Defendant's

motion to strike is DENIED as moot.  This case will be set for pretrial conference and

trial by separate order.

DONE this 4th day of September, 2013.

_____
United States District Judge